# In the United States Court of Federal Claims

No. 19-1304C
(Filed February 28, 2020)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                *
                                *
WALTER L. ALLEN,                *
                                *
            Plaintiff,          *
                                *
    v.                          *
                                *
THE UNITED STATES,              *
                                *
            Defendant.          *
                                *
* * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Senior Judge.

Plaintiff, Walter L. Allen, asserts a claim based on an apparently unsatisfactory interaction with his local United States Postal Service (USPS) office. The exact nature of this interaction is unclear, but it appears that a USPS employee refused to accept letters for mailing. Mister Allen requests one hundred "million zillion" dollars, and the termination of certain USPS employees who were involved in this incident. The government has moved to dismiss the case for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Plaintiff has not filed a response. For the reasons stated below, the motion is **GRANTED** and the complaint is **DISMISSED**.

## I. BACKGROUND

On August 27, 2019, Mr. Allen filed a complaint in this court *pro se*, complaining about his treatment at a USPS office in Brooklyn, New York. Compl. at 1. Apparently, on January 2, 2019, a USPS employee declined to accept letters for mailing, due to her inability to weigh them at that time because of a lack of sufficient staffing. *Id.* Plaintiff argued with her and then took his mail to another post office, where it was accepted. *Id.* He followed up with a complaint to the USPS headquarters and received an apology for his treatment. *Id.* at 1–2. The USPS,

however, declined to pay him the "900 zillion" dollars he sought in that complaint. *See* Ex. 1 to Compl. He thus filed a complaint in this court, now seeking one hundred "million zillion" dollars and the termination of the USPS employees responsible for his displeasure. Compl. at 1. Defendant has moved to dismiss the complaint, arguing that none of the allegations in the complaint state a claim within our subject-matter jurisdiction. Def.'s Mot. to Dismiss. at 1 (citing, *inter alia*, 28 U.S.C. § 1491(a)(1)). Plaintiff did not respond to the motion to dismiss.

## II. DISCUSSION

### A. Standard of Review

Under RCFC 12(b)(1), this court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering a motion to dismiss a case for lack of subject-matter jurisdiction, courts will accept as true all factual allegations the non-movant made and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Airport Rd. Assocs., Ltd. v. United States*, 866 F.3d 1346, 1351 (Fed. Cir. 2017) (quoting *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002)) (stating that on a motion to dismiss a case for lack of subject-matter jurisdiction, a court must "view the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot spare from dismissal claims which fall outside this court's jurisdiction. *See, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). It is incumbent on the plaintiff to properly invoke the court's jurisdiction by properly alleging a breach of contract by the federal government or identifying a money-mandating law which was allegedly violated by the government. *See United States v. Mitchell*, 463 U.S. 206, 216–17 (1983). A plaintiff's *pro se* status does not relieve him of the obligation to demonstrate jurisdiction by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (explaining the plaintiff's responsibility for showing that the claim falls within the court's jurisdiction); *Henke*, 60 F.3d at 799 (noting that a plaintiff's status does not excuse defects in the complaint); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (stating that the burden of proof for establishing jurisdiction is by a preponderance of the evidence).

### B. Analysis

The complaint fails to articulate any claim within this court's subject-matter jurisdiction. It seems that, at most, one USPS office refused to accept some of Mr. Allen's letters for mailing, which resulted in his mailing them less than thirty

minutes later at different office. Compl. at 1. The Court is not aware of any legal theory that could support recovery under these facts. Plaintiff has failed to allege either the existence of a contract with the United States or the violation of a money-mandating provision of federal law, which are generally the requirements to establish a claim within our jurisdiction. *See* 28 U.S.C. § 1491(a); *Mitchell*, 463 U.S. at 216–17. Plaintiff has not identified any contractual right, or federal law or regulation, which would entitle him to money damages for the inconvenience of having to take his mail to a second USPS office before it could be mailed.

Although it is not clear, in the portion of his complaint relating to the relief sought, plaintiff seems to suggest that he has filed a bid protest case. *See* Compl. at 3. Under 28 U.S.C. § 1491(b), our court is empowered to hear certain cases objecting to the conduct of government procurements, such as claims that a solicitation for offers is improper or that the government made an arbitrary or unlawful contract award. *See* 28 U.S.C. § 1491(b). This includes cases involving "any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." *Id.* While the scope of this jurisdiction may be very broad, it is nonetheless limited to federal procurements, which means the federal government's "process of acquiring property or services." *Distributed Sols., Inc. v. United States*, 539 F.3d 1340, 1345 (Fed. Cir. 2008) (quoting what was then 41 U.S.C. § 403(2) and is now 41 U.S.C. § 111). As Mr. Allen's matter does not involve an attempt by the government to obtain services, but rather *his* attempt to obtain services *from* the government, it obviously cannot come within our bid protest jurisdiction. Moreover, even as a bid protest, it would suffer from the defect placing the case outside our general subject-matter jurisdiction---Mr. Allen's failure to identify any statute or regulation that may have been violated in his unsatisfactory encounter with the one USPS office.

### III. CONCLUSION

For the reasons stated above, the government's motion to dismiss this case for lack of subject-matter jurisdiction, under RCFC 12(b)(1), is **GRANTED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Senior Judge